UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles Allen, : Case No. 1:08CV1825
:
        Petitioner : Judge Sara Lioi
:
    v. : Magistrate Judge David S. Perelman
:
Stuart Hudson, Warden, :
: **REPORT AND RECOMMENDED**
: **DECISION**
        Respondent :

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his June 30, 2006 re-sentencing to an aggregate term of imprisonment of 23 years, consequent to his conviction pursuant to pleas of guilty to one count of aggravated robbery and one count of aggravated burglary, upon which he was sentenced to ten years on each count, one count of kidnapping and one count of felonious assault, upon which he was sentenced to eight years on each count, with the sentences on the latter three counts to run concurrently with each other but consecutively to that imposed upon the aggravated robbery count, with an additional three year consecutive sentence imposed for firearm specifications.[1]

---

[1] Petitioner was originally charged with two counts of aggravated robbery, one count of aggravated burglary, one count of kidnapping, one count of felonious assault, one count of conspiracy to commit aggravated robbery, one count of conspiracy to commit aggravated burglary, and one count of aggravated theft, with each count (except the conspiracy counts) including firearm specifications.

1

Petitioner's sentencing history was summarized by the state appellate court as follows:

> On November 5, 2003, Allen entered a written plea of guilty to Aggravated Robbery ( in violation of R.C. 2911.01(A)(1)), Aggravated Burglary, Kidnapping, Felonious Assault, all offenses including a Firearm Specification. In the plea agreement, Allen acknowledged that he faced a potential prison sentence of three to ten years for Aggravated Robbery and Aggravated Burglary, a potential prison sentence of two to eight years for Kidnapping and Felonious Assault, and a three year prison term for the Firearm Specifications. Allen also acknowledged that, if the court chose to run his sentences consecutively, the maximum prison term would be thirty-nine years.
>
> On January 29, 2004, the trial court sentenced Allen to ten years in prison for Aggravated Robbery, ten years in prison for Aggravated Burglary, eight years in prison for Kidnapping, and eight years in prison for Felonious Assault. The court ordered the sentences for Aggravated Burglary, Kidnapping, and Felonious Assault to be served concurrently with each other and consecutively with the sentence for Aggravated Robbery. The court also ordered Allen to serve an additional, consecutive three-year prison term for the Firearm Specification. Allen's aggregate sentence was twenty-three years of imprisonment.
>
> Allen appealed the January 29, 2004 Judgment Entry of Sentence to this court on the grounds that the sentencing court engaged in impermissible judicial fact-finding in violation of his constitutional rights, under the authority of *Apprendi v. New Jersey* (2000), 530 U.S. 466, and *Blakely v. Washington* (2004), 542 U.S. 296. Allen's sentence was ultimately reversed under the authority of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, and his case was remanded for re-sentencing. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶53, reversing *State v. Allen*, 11th Dist. No. 2004-L-038, 2005-Ohio-1415.
>
> On June 30, 2006, the trial court again sentenced Allen to an aggregate prison term of twenty-three years as described above.

Petitioner appealed his June 30, 2006 re-sentencing to the Ohio Eleventh District Court of Appeals alleging five assignments of error:

1. The trial court erred when it sentenced the defendant-appellant to

2

      a more-than-the-minimum, maximum and consecutive prison term in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.

2. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison term in violation of the defendant-appellant's right to due process.

3. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under *Foster*, which was an act in violation of the principle of separation of powers.

4. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison term contrary to the rule of lenity.

5. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum and consecutive prison term contrary to the intent of the Ohio Legislators.

On February 26, 2007 the appellate court affirmed the sentence imposed by the trial court.

Petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging five propositions of law which paralleled those raised to the lower appeals court. On August 15, 2007 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On August 23, 2007 petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on January 7, 2008.

On July 29, 2008 the petitioner filed the instant petition, in which he raises the following three claims for relief:

    **A. GROUND ONE:** The trial court violated Petitioner's rights under the Due Process and Ex Post Facto Clauses of the United States Constitution when it sentenced Petitioner to a more-than-the-minimum, maximum and consecutive prison terms that were not available to the court at the time Petitioner committed the

offense.

**Supporting FACTS:** At the time Petitioner committed the offenses in the instant case on February 27, 2003, he enjoyed a presumptive sentence of minimum and concurrent terms of imprisonment. R.C. 2929.14(B)-(E)(2). The trial judge could only overcome that presumption by making statutorily prescribed findings. Id. For Petitioner, that meant his minimum, presumptive prison sentence was three years in prison with an additional three years for the gun specification, not the twenty-three, more-than-the-minimum, consecutive and maximum prison term he ultimately received.

**B. GROUND TWO:** The trial court violated Petitioner's rights to Due Process when it sentenced Petitioner to a more-than-the-minimum, maximum and consecutive prison terms with no additional findings made by a jury and when Petitioner had no actual or constructive notice of those possible sentences.

**Supporting FACTS:** The Due Process Clause of the Fourteenth Amendment applies the Sixth Amendment's guarantee of a jury trial to the states. Once a legislature, state or federal, has predicated the availability of a criminal penalty upon proof of a particular fact, the court may not impose the penalty unless the defendant admits the fact or a jury finds the fact beyond a reasonable doubt. As a result, the Sixth and Fourteenth Amendments, as well as R.C. 2929.14(B), prohibited the State of Ohio from imposing any sentence other than the statutory minimum upon Petitioner; any other sentence would require additional factual findings which were neither admitted by Petitioner, nor proven to a jury.

In a long line of cases, the United States Supreme Court observed that due process demands that a defendant have fair warning of what constitutes a crime. The defendant is denied fair warning, however, when there is an unforeseeable and retroactive judicial expansion of statutory language that appears narrow and precise on its fact. Consequently, the Court determined that if a judicial construction of a criminal statute is "'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect."

Here, Petitioner could not have foreseen the Court's severance of the offending portions. He therefore had no fair warning of

4

the potential punishment for the offenses, and the trial court should not have added any enhancements when imposing Petitioner's sentences.

C. **GROUND THREE:** The trial court violated the Rule of Lenity when it imposed more-than-the-minimum, maximum and consecutive prison terms upon Petitioner when the Rule of Lenity dictated a lesser penalty.

**Supporting FACTS:** The Rule of Lenity means that the Court will not interpret a criminal statute so as to increase the penalty that it places on an individual when it can base that interpretation on no more than a guess of what the legislature intended. The enactment of the statutory provisions struck down in the Ohio sentencing cases strongly suggests that the General Assembly did not intend for judges to impose consecutive or maximum sentences in all cases. It is a presupposition of our law that the courts will resolve doubts in enforcement of a penal code against the imposition of harsher punishment.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[2]

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an

---

[2]There are no issues of untimeliness or procedural default in this case.

> unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

Petitioner's first two claims for relief will be considered together, in light of the fact that they both challenge the sentence imposed by the trial court which was "more-than-the-minimum and maximum prison term" without reliance upon factual findings made by a jury to enhance his sentence under the law, in violation of the rule of law set out by the United States Supreme Court

6

in Blakely v. Washington, 542 U.S. 296 (2004). Petitioner argues further that the remedy set forth in State v. Foster, 109 Ohio St.3d 1, 845 N.E.3d 470 (2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution, in light of the fact that the effect of that decision was to increase the statutory presumptive sentences, despite the fact that the pre-Foster rule which was in effect at the time of his plea and initial sentencing included a presumption that he would be sentenced to a minimum term.

In Blakely, the Court held that violations of the Sixth Amendment to the United States Constitution could be avoided if "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Although the Blakely case limited the authority of the trial judge to impose sentences in excess of the maximum provided by law, the authority of a sentencing judge to impose a sentence within the prescribed statutory range for a particular offense was not limited in the same way.

In January of 2005 the United States Supreme Court held, in United States v. Booker, 543 U.S. 220, 245, 259 (2005), that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional under the Blakely decision, but they could be used in an advisory manner.

The Ohio Supreme Court applied the Apprendi, Blakely, and Booker decisions to the Ohio sentencing guidelines and held that parts of Ohio's felony sentencing scheme were unconstitutional, including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, which provide for judicial findings of fact in order to rebut presumptions in sentencing terms;
§2929.14(C), providing for the imposition of maximum sentences; §2929.14(D)(2)(b), findings for repeat violent offender; §2929.14(D)(3)(b), major drug offenders; §2929.14(E)(4), providing

7

AO 72A
(Rev. 8/82)

for the imposition of consecutive sentences;[3] and §2953.08 (G), statutory findings for consecutive sentences in the appellate record. State v. Foster, 109 Ohio St.3d 1, 62-67, 83, 845 N.E.2d 470 (2006). The constitutional violation was premised upon the fact that those provisions require judicial findings of fact beyond those either rendered by the jury or admitted to by the defendant. Ibid. Those offending portions of the sentencing code were severed, *but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact or to articulate reasons for imposing maximum or consecutive sentences.* Id. at 100. Not severed from the sentencing code was §2929.12 which provides for a determination of the seriousness of the offense and recidivism factors, including a prior criminal history. As the Supreme Court did in Booker, the Ohio Supreme Court determined that its holding in Foster was to be applied to any case pending on direct appeal, and that where sentences were found to have been constitutionally invalid, remanding and re-sentencing were in order.

The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. Ex Post Facto Clause challenges to the Foster decision have been repeatedly denied by Ohio state courts. State v. Swann, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762 (2007), reversed on other grounds, 119 Ohio St.3d 552 (2008); State v. Sharp, unreported, Case No. 89295, 2007 Ohio App. LEXIS 5549 (Ct.App.Cuy.Cnty. 2007); State v. McGhee, unreported, Case No. 17-06-05, 2006 Ohio App. LEXIS 5102 (Ct.App. Shelby Cnty. 2006). The McGhee court premised its decision that there had been no violation of the Ex Post Facto Clause in part on the fact that the defendant "knew the potential statutory sentence for committing a first

---

[3]On January 14, 2009 the United States Supreme Court decided Oregon v. Ice, 555 U.S. ___, 2009 U.S. LEXIS 582 (2009), which abrogated this portion of the Foster decision and held that judicial factfinding to determine whether consecutive sentences should be imposed does not violate Apprendi/Blakely. In so doing, the Court expanded the scope of judicial factfinding discretion in sentencing.

8

degree felony, ...had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and ...was unlikely to amend his criminal behavior in light of a sentencing change." McGhee, supra at ¶20. The Sharp court determined that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and the Foster case "did not judicially increase the range of his sentence." Sharp, supra at ¶10.

Ex Post Facto Clause challenges to the Booker[4] decision have been repeatedly denied by the federal courts. United States v. Barton, 455 F.3d 649, 657 (6th Cir. 2006), cert. denied, 127 S.Ct. 748 (2006); United States v. Davenport, 455 F.3d 366 (4th Cir. 2006); United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Vaughn, 430 F.3d 518 (2nd Cir. 2005), cert. denied, 547 U.S. 1060 (2006); United States v. Perez-Ruiz, 421 F.3d 11 (1st Cir. 2005), cert. denied, 546 U.S. 1120 (2006); United States v. Dupas, 419 F.3d 916, (9th Cir. 2005), cert. denied, 547 U.S. 1011 (2006); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) ("Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code. Jamison had sufficient warning of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in Rogers.")

Notably, Ex Post Facto challenges similar to that raised by the instant petitioner have also been rejected by judges in this district. Watkins v. Williams, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams) (The Foster decision did not violate due process as it did not alter the fact that the defendant was well aware of the maximum penalty he faced at the time of his crime.); Lyles v. Jeffreys, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver) (The trial court's

---

[4]Significant in light of the fact that the Foster and Booker decisions employed similar rationales to craft similar remedies.

9

re-sentencing did not violate petitioner's Due Process right not to be re-sentenced pursuant to a law which violates the Ex Post Facto Clause, as petitioner "had fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts."); McGhee v. Konteh, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J. Nugent) (Affirming Magistrate Judge Limbert's conclusion that "Since the *Foster* decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, *Foster* does not raise an ex post facto-type due process violation. Moreover, the trial judge's application of *Foster* to Petitioner's case in particular did not violate *Apprendi* because he did not sentence Petitioner beyond the statutory maximum.")

The appellate court rejected petitioner's challenges to his sentence, holding in pertinent part:

> Allen appealed the January 29, 2004 Judgment Entry of Sentence to this court on the grounds that the sentencing court engaged in impermissible judicial fact-finding in violation of his constitutional rights, under the authority of *Apprendi v. New Jersey* (2000), 530 U.S. 466, and *Blakely v. Washington* (2004), 542 U.S. 296. Allen's sentence was ultimately reversed under the authority of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, and his case was remanded for re-sentencing. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶53, reversing *State v. Allen*, 11th Dist. No. 2004-L-038, 2005-Ohio-1415.
>
> On June 30, 2006, the trial court again sentenced Allen to an aggregate prison term of twenty-three years as described above.
>
> * * * * *
>
> In his first assignment of error, Allen argues that the retroactive application of *Foster* to his sentencing violates the Due Process and Ex Post Facto Clauses of the United States Constitution. We agree with Allen that, although "[t]he Ex Post Facto Clause, but its own terms, does not apply to the courts," *Rogers v. Tennessee* (2001), 532 U.S. 451, 460, "if a judicial construction of a criminal statute is

10

AO 72A
(Rev. 8/82)

'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." Id. at 457, citing *Bouie v. Columbia* (1964), 378 U.S. 347, 354.

This court has previously considered and rejected the argument that the Ohio Supreme Court's decision in *Foster* is so "unexpected and indefensible by reference to [prior] law" that its retroactive effect is violative of the federal constitution. *State v. Green*, 11th Dist. Nos 2005-A0069 and 2005-A-0070, 2006-Ohio-6695, at ¶22 (the "Ohio Supreme Court's decision in *Foster* was neither unexpected nor indefensible by reference to prior law concerning the application of the Sixth Amendment to sentencing enhancements"); *State v. Elswick*, 2006-L-075, 2006-Ohio-7011, at ¶30.

Allen's argument has also been consistently rejected by other Ohio appellate districts and federal courts. See *State v. Gibson*, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶17 (citation omitted), *State v. Moore*, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶9 (citation omitted); *United States v. Portillo-Quezada* (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.

The first assignment is without merit.

Under his second assignment of error, Allen raises additional arguments as to why the retroactive application of *Foster* is generally violative of due process principles. Allen argues that, in the absence of constitutionally impermissible judicial fact-finding, the only legally authorized sentence that could be imposed is the minimum sentence authorized by statute. We disagree. Upon Allen's conviction for his various crimes, he became subject to a range of punishments based on the degree of felony associated with each conviction. See R.C. 2929.14(A).

Prior to *Foster*, a sentencing court's discretion to impose sentence within this range was restricted by the requirement that certain findings be made before a particular sentence, such as a maximum or a greater that minimum sentence, could be imposed. The legally authorized range of Allen's sentence remains the same in the absence of the necessity of making additional findings *Gibson*, 2006-Ohio-6899, at ¶17, citing *State v. Smith*, 2nd Dist. No. 21004, 2006-Ohio-4405 ("the remedial holding of *Booker* did not violate the ex post facto clause because the defendant had fair warning of the sentencing range at the time he committed his crimes"), *Moore*, 2006-Ohio-6860, at ¶9, citing *State v. McGhee*, 3rd Dist. No. 17-06-

> 05, 2006-Ohio-5162 ("[t]he sentencing range for [appellant's] felony offense, which he had notice of prior to the commission of the crime, has remained unchanged by the application of *Foster*").
>
> We also reject Allen's argument that he had no notice, actual or constructive, of the potential sentences he could receive. The plea agreements entered into and signed by Allen stated the potential range of sentences he was subject to under R.C. 2929.14(A).
>
> Allen's second assignment of error is without merit.

(Footnote omitted.)

In so holding, the state appellate court found that in light of the fact that petitioner's sentence fell within the statutory range, that he pled guilty to the crimes articulated in the plea agreement and in the context of the entry of such plea he admitted the pertinent facts, there was no Blakely violation.

The court further rejected the notion of a violation of the Ex Post Facto Clause, finding that petitioner had sufficient warning (both before and after Foster) of his potential sentence to satisfy the Ex Post Facto and Due Process Clauses in light of the fact that Foster did not change the potential maximum sentence that he faced if he committed the crime with which he was ultimately charged, nor did it change the elements necessary to convict him of that crime. In addition, he was informed that his sentence would fall within the proscribed ranges for a felony with a specification, with the possibility of consecutive sentences. Petitioner knew that any thought of receiving a minimum sentence he may have entertained prior to his re-sentencing was always vulnerable to change by the sentencing court, and in this case such a notion was specifically dispelled by the fact that he was sentenced to the same sentence he received at his first sentencing.

As a consequence of the foregoing, petitioner has failed to show that the state appellate court decision upholding his re-sentencing resulted in a decision that was contrary to, or involved

12

an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor that the decision was based upon an unreasonable determination of the facts in light of the evidence presented.

It follows that petitioner's first two claims for relief are without merit.

In his final claim for relief the petitioner argues that the trial court violated the Rule of Lenity when it imposed more-than-the-minimum, maximum and consecutive prison terms upon him instead of a lesser penalty.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas c to due process in violation of the United States Constitution. See, Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir.), cert. denied, 525 U.S. 1025 (1998); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accord, Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

The state appellate court reviewed this issue as a matter of state law and rejected petitioner's argument, stating in pertinent part:

> This argument, too, has been rejected by this court several times. [*State v.*] *Green*, 2006-Ohio-6695, at ¶24 ("the principle of lenity applies to the construction of ambiguous statutes, not to determination of a statute's constitutionality or to the law regarding the retroactive effect of Supreme Court decisions"); [*State v.*] *Elswick*, 2006-Ohio-7011, at ¶¶40-43. The fourth assignment of error is without merit.

In other words, the rule is to serve as an aid to resolve ambiguity in the criminal statute, not to

create such ambiguity where, as in this case, none exists. <u>Albernaz v. United States</u>, 450 U.S. 333 (1981).

This Court concludes that petitioner's claim of violation of the Rule of Lenity is a matter of state law which fails to rise to the level of a denial of fundamental fairness and, therefore, is not cognizable in federal habeas corpus. However, even if it was to be considered this Court would find that the decision of the state appellate court on the foregoing matter of state law was neither objectively unreasonable nor did it involve an unreasonable application of federal law. Consequently, petitioner's final claim for relief must fail.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: May 15, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

AO 72A
(Rev. 8/82)