## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ALLEN, | ) | CASE NO. 1:08CV1825 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommended Decision ("R&R") of Magistrate Judge Perelman recommending that the petition be dismissed without further proceedings because no claim of a constitutional violation has been presented. (Doc. No. 13.) Petitioner has filed objections to the R&R. (Doc. No. 22.) Respondent did not file any response to the objections. The Court has conducted its *de novo* review of the matters raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the objections are overruled, the R&R is accepted, and this matter is dismissed.

### I. BACKGROUND

The factual and procedural background is set forth in detail in both the Respondent's Return of Writ (Doc. No. 7) and the Magistrate Judge's R&R (Doc. No. 13). The Court sets forth here only as much of that background as is necessary.

On November 5, 2003, petitioner entered guilty pleas to one count of Aggravated Robbery, a felony of the first degree in violation of Ohio Rev. Code § 2911.01(A), one count of Aggravated Burglary, a felony of the first degree in violation of § 2911.11(A)(1), one count of

1

Felonious Assault, a felony of the second degree in violation of § 2903.11(A)(2), and one count of Kidnapping, a felony of the second degree in violation of § 2905.01(A)(2). All four counts carried a firearm specification under § 2941.145. The trial court sentenced petitioner to an aggregate sentence of twenty-three (23) years imprisonment (ten years for Aggravated Robbery to run consecutive with concurrent sentences of ten years for Aggravated Burglary, eight years for Felonious Assault, and eight years for Kidnapping, all to run consecutive with three years for the firearm specification).

Petitioner took all the appeals to which he was entitled, as outlined in the Return of Writ. On September 5, 2005, while his appeal to the Ohio Supreme Court was pending, that court *sua sponte* stayed his appeal pending resolution of two cases challenging Ohio's sentencing statutes in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).[1] On May 3, 2006, the Ohio Supreme Court reversed the sentencing judgment and remanded for resentencing consistent with *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006).[2]

On June 30, 2006, following a resentencing hearing, the trial court imposed the same twenty-three (23) year sentence of imprisonment.

---

[1] *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Blakely* broadened *Apprendi* by holding that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303.

[2] In *Foster*, the Ohio Supreme Court found unconstitutional under *Blakely* several portions of Ohio's sentencing statutes, including those that required a judge to make findings before imposing a more-than-minimum sentence and before imposing consecutive sentences. Following the lead of *United States v. Booker*, 543 U.S. 220 (2005) (which severed offending parts of federal statutory sentencing guidelines after holding they were unconstitutional if they were applied in a mandatory fashion), the court severed the offending portions of the statutes, including Ohio Rev. Code § 2929.14(B), giving Ohio's judges discretion to impose any prison sentence within the appropriate sentencing range for the particular degree of felony and/or to impose consecutive sentences without making any specific findings. 109 Ohio St.3d at 30.

Once again, petitioner took all his appeals and was unsuccessful at every level, culminating with the Supreme Court's denial of his application for writ of certiorari on January 7, 2008.

On July 29, 2008, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.[3]

## II.  DISCUSSION

### A.  Standard of Review

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." This *de novo* review requires the Court to apply the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing the amendments.

Title 28, Section 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained these provisions as follows:

---

[3] As conceded by the respondent in the Return of Writ, there are no issues relating to timeliness, exhaustion and/or procedural default.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 412-13. In other words, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *see also Machacek v. Hofbrauer*, 213 F.3d 947, 953 (6th Cir. 2000) ("even if we believe that a state court incorrectly applied federal law, we must refuse to issue the writ of habeas corpus if we find that the state court's decision was a reasonable one.").

**B.**    **Analysis of Petitioner's Objections to the R&R**

Petitioner objects to the R&R's conclusion that his sentence does not violate the ex post facto and due process clauses.[4] He argues that the maximum sentence he could have received without impermissible judicial fact-findings was ten years (three years for each first degree felony and two years for each second degree felony). In his view, the *Foster* court's severing of some provisions of Ohio's sentencing statutes eliminated those provisions that were favorable to defendants (e.g., presumptions), eliminated the trial court's duty to explain reasons for departing from sentencing guidelines, and essentially eliminated any real chance of accomplishing the Ohio legislature's goal of establishing uniformity and proportionality in

---

[4] Petitioner, correctly, does not make a true ex post facto argument since that clause of the Constitution "'is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.' " *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)). Rather, he makes an ex post facto-type due process argument. *See id*. ("limitations on ex post facto judicial decisionmaking are inherent in the notion of due process.").

4

Ohio's criminal sentencing. Citing *Bouie v. City of Columbia*, 378 U.S. 347, 254 (1964), he argues that retroactive application of any judicial construction of a criminal statute that is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue is prohibited under the due process clause.

The Sixth Circuit has pointed out that "when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount." *United States v. Barton*, 455 F.3d 649, 654 (6th Cir. 2006) (interpreting *Rogers*). In this case, at the time petitioner was sentenced, the Ohio statute clearly provided that the prison term for a first degree felony was "three, four, five, six, seven, eight, nine, or ten years." The prison term for a second degree felony was "two, three, four, five, six, seven, or eight years." Ohio Rev. Code § 2929.14(A)(1) and (2). Pre-*Foster*, a trial court's sentencing discretion was limited by the requirement that the court make certain fact-findings before imposing more than the minimum sentence (i.e., three years for a first degree felony and two years for a second degree felony). Post-*Foster*, the trial court's discretion is not limited; it can sentence within the statutory range without having to make any findings of fact (i.e., up to ten years for a first degree felony and up to eight years for a second degree felony). The sentencing ranges in subsections (A)(1) and (A)(2) are the same post-*Foster* as they were pre-*Foster*. There was always the possibility that a defendant could get up to ten years for a first degree felony and up to eight years for a second degree felony. Thus, there is no surprise here and no problem with "notice, foreseeability and fair warning[.]"

Petitioner does not dispute that *Foster* severed that portion of the statute that permitted and, in fact, required the trial judge to make certain findings before imposing more than the minimum sentence and before imposing consecutive sentences. He does not dispute that

trial judges are no longer permitted to make such findings because that portion of the statute has been severed. However, he ignores this severance when arguing that he should only have been given the minimum, and concurrent, sentences. Conveniently, he ignores the fact that the severed section of the statute also contained the prohibition against more-than-minimum sentences and consecutive[5] sentences. Therefore, Ohio judges are no longer limited in their discretion when it comes to imposing *any* sentence within the ranges set forth in § 2929.14(A).

As pointed out in *State v. Payne*, 114 Ohio St.3d 502, 507, 873 N.E.2d 306 (Ohio 2007), "*Foster* presents a Pyrrhic victory" for defendants because the court "did not adopt their proposed remedy of mandatory minimum sentences" and "trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." Similarly, the Supreme Court of Ohio in *State v. Bates*, 118 Ohio St.3d 174, 179, 887 N.E.2d 328 (Ohio 2008) reiterated that "[t]he severance and excision of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster* [. . .] leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic 'purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12."

Petitioner wants to have it both ways. He wants to *apply* Foster's severance remedy to be free from the judicial factfinding that lengthened his original sentence, but he wants to *ignore* the fact that that very same severance eliminated the requirement of minimum,

---

[5] In his petition and traverse, petitioner applied his ex post facto and due process arguments to his claim that he should not have been given consecutive sentences. However, in his objections, he concedes that this argument is now precluded because of *Oregon v. Ice*, 129 S.Ct. 711 (2009) (holding that the Sixth Amendment right to trial by jury does not inhibit States from allowing judges rather than juries to find facts necessary to impose consecutive rather than concurrent sentences for multiple offenses).

concurrent sentences and, therefore, permitted the trial judge, in his discretion, to impose maximum, and consecutive, sentences when he resentenced petitioner post-*Foster*.

Notwithstanding petitioner's argument that *Foster*'s severance of certain provisions in Ohio's sentencing statutes disadvantaged him after the fact and permitted the state court to effectuate the very result that *Apprendi* and *Blakely* prohibit, as properly pointed out in the R&R, ex post facto types of due process challenges have been repeatedly rejected by both state and federal courts applying *Foster* and *Booker,* in light of *Apprendi* and *Blakely*. *See* R&R at 8-10.


### III. CONCLUSION

For the reasons set forth above, petitioner's objections to the R&R are overruled. The R&R is accepted and this case will be dismissed.


**IT IS SO ORDERED**.


Dated: December 29, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**